**SIGNED this 9th day of July, 2014**

_____
Shelley D. Rucker
UNITED STATES BANKRUPTCY JUDGE

_____

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF TENNESSEE
# SOUTHERN DIVISION

In re:

RIVER CITY RESORT, INC.,   No. 14-10745
                           Chapter 11
    Debtor;


RIVER CITY RESORT, INC., and
B. ALLEN CASEY, JR.,

    Plaintiffs,

v.
                                    Adversary Proceeding
                                    No. 14-01028

PAUL FRANKENBERG, III, and
S. JACKSON WINGFIELD, III,

    Defendants.


## MEMORANDUM

River City Resort, LLC ("RCR"), the debtor and debtor in possession herein, has filed a

motion to amend its Answer and Counterclaim filed in this adversary proceeding to assert in a

1

cross-claim a fraudulent transfer claim against defendant S. Jackson Wingfield, III ("Wingfield"). [Doc. No. 19].[1] Wingfield has filed a response objecting to the amendment on the basis that (1) the debtor has waited too long to be allowed to amend its pleadings and (2) the amendment is futile because the statute of limitations has run. Based on the following analysis, the court will GRANT RCR's motion and allow the amendment of the answer and counterclaim and the addition of a cross-claim against Wingfield.

These are the court's findings of fact and conclusions of law made pursuant to Fed. R. Bankr. P. 7052. This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and § 157(b)(2)(A).

Federal Rule of Civil Procedure 13, made applicable to bankruptcy proceedings by Fed. R. Bankr. P. 7013, provides that a pleading may state as a cross-claim any claim "against a coparty if the claim arises out of the transaction or occurrence that is the subject matter of the original action or of a counterclaim, or if the claim relates to any property that is the subject matter of the original action." Fed. R. Civ. P. 13(g). In this case, the claim which RCR is seeking to assert involves exactly the same property and transactions involved in the plaintiff Paul Frankenberg III's complaint, originally filed in 2012 in the Chancery Court for Hamilton County, Tennessee, Docket No. 12-0032 and removed to this court by RCR. *See* [Doc. Nos. 1, 1-1]. The cross-claim seeks to recover three lots of property located on the Tennessee River which were conveyed in 2008 by RCR and its affiliate River House Trust, LLC ("River House") to Wingfield for the price of $2.9 million dollars. *See* [Doc. No. 19-1]. Frankenberg filed an action against RCR and B. Allen Casey ("Casey") in Chancery Court in Hamilton County, Tennessee in 2005 to recover damages for wages and sums due pursuant to a settlement agreement with RCR and Casey. *See* [Adv. Proc. No. 14-1027, Doc. No. 1-1]. In 2012, after discovering that RCR

---

[1] All docket entry numbers refer to docket entries for Adversary Proceeding No. 14-1028, unless otherwise noted.

had made transfers of property it owned, Frankenberg instituted a second suit in Chancery Court seeking to recover those transfers on the basis that they were fraudulent transfers made with the intent to defraud creditors or in the alternative were transfers of RCR's property for less than reasonably equivalent consideration at a time when RCR and River House were insolvent. That litigation was set for trial in July of 2014, but was stayed when RCR and Casey filed bankruptcy in February of this year. RCR removed the two cases to the bankruptcy court, and Wingfield has moved to remand this action to the Chancery Court. [Doc. No. 11]. The court has the motion to remand under advisement at this time.

Following the time period for amendment as a matter of course as described in Federal Rule of Civil Procedure 15(a)(1), Federal Rule of Civil Procedure 15(a)(2), as made applicable to bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 7015, allows a party to "amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). In this case, Wingfield has not consented, so it is the court's decision whether to allow the amendment. The Sixth Circuit has instructed that when considering whether to grant a motion to amend, "courts should consider undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Brumbalough v. Camelot Care Centers, Inc.*, 427 F.3d 996, 1001 (6th Cir. 2005).

The court concludes that none of the relevant considerations weigh in favor of denying the motion to amend. The debtor in possession did not unduly delay its motion, as he only obtained standing to pursue this fraudulent transfer action pursuant to 11 U.S.C. § 544 following the filing of the bankruptcy petition. Wingfield does not allege lack of notice of the claim; in

3

fact, the new fraudulent transfer claim raised by the debtor is exactly the same fraudulent transfer claim that has been pursued by Frankenberg in the Chancery Court action. Wingfield has not asserted bad faith or a repeated failure to cure deficiencies in prior amendments.

Further, in addressing the two objections raised by Wingfield, the court finds that the age of the pending litigation, which is akin to an argument that Wingfield will be prejudiced, is not a sufficient reason to deny the amendment. Frankenberg has informed the court at a hearing on Wingfield's motion to remand this adversary proceeding, that the impending trial date has been lost due to RCR's bankruptcy filing and the bankruptcy stay which was imposed by 11 U.S.C. § 362(a). The parties anticipate additional discovery may be needed which will further delay a trial of the issue.

In addition, the court finds that the filing of the bankruptcy and the additional fiduciary responsibilities imposed on the debtor in possession are significant changes in circumstances that counterbalance Wingfield's argument that too much time has passed to allow RCR to pursue this action. RCR, as a debtor in possession, has a fiduciary responsibility to its creditors as well as its equity holders. It has a duty of care and loyalty. *See First Union Nat'l Bank of Florida v. Tenn-Fla Partners (In re Tenn-Fla Partners)*, 170 B.R. 946, 970 (Bankr. W.D.Tenn. 1994), *aff'd in part rev'd in part on other grounds by* 229 B.R. 720 (W.D. Tenn. 1999), *aff'd* 226 F.3d 746 (6th Cir. 2000). As one bankruptcy court explained, "[t]he concept of the debtor-in-possession as a fiduciary of the estate, the creditors and the Court, stems from its assumption of the rights and powers of a trustee and extends to a corporation's officer, director, shareholder or managing employee where the facts disclose control and/or management." *In re Sal Caruso Cheese, Inc.*, 107 B.R. 808, 816-17 (Bankr. N.D.N.Y. 1989) (citing *Wolf v. Weinstein,* 372 U.S. 633, 649–53

(1963); *Mosser v. Darrow,* 341 U.S. 267, 270 (1951); *Pepper v. Litton,* 308 U.S. 295, 306–07 (1939); *In re Martin Custom Made Tires Corp.,* 108 F.2d 172, 173 (2d Cir.1939)).

RCR's prior managing member, Mr. Casey, has resigned and is in his own bankruptcy proceeding. If RCR has now determined that it should pursue this transfer for the benefit of its creditors, the court finds that the interests of justice are best served by allowing this amendment. The court recognizes that RCR has changed its position in the litigation from defending the transfer to seeking to avoid it, but the legal effect of such a change on the case when the change is made by a debtor in possession following a bankruptcy filing will be left to the court which ultimately hears the case on its merits.

Finally, there should not be a significant additional burden placed on Wingfield to prepare a defense since RCR's new cross-claim and Frankenberg's long standing claims overlap. The allegation that RCR transferred three lots of real property at a time it was insolvent for less than reasonably equivalent consideration has been alleged since 2012 by Frankenberg.

As to the second issue that any fraudulent transfer claim against Wingfield would be futile based on a statute of limitations defense, Wingfield's argument ignores Section 544(b) of the Bankruptcy Code. This provision allows a debtor in possession to step into the shoes of an actual creditor and bring a cause of action that might otherwise be barred. *See In re Zwirn*, 362 B.R. 536, 540 (Bankr. S.D. Fla. 2007). Frankenberg brought a fraudulent transfer suit against Wingfield under Tennessee's Fraudulent Transfer Act, Tenn. Code Ann. §§ 66-3-305 and 66-3-306 on January 13, 2012 to avoid transfers made on January 16, 2008. [Doc. No. 1-1, ¶ 26]. The statutory bases for these claims provide:

66-3-305. Transfers fraudulent as to present and future creditors.

    (a)  A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:

        (1)  With actual intent to hinder, delay, or defraud any creditor of the debtor; or

        (2)  Without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor:

            (A)  Was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or

            (B)  Intended to incur, or believed or reasonably should have believed that the debtor would incur, debts beyond the debtor's ability to pay as they became due. . . .

Tenn. Code Ann. § 66-3-305(a).

    66-3-306. Transfers fraudulent as to present creditors.

    (a)  A transfer made or obligation incurred by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation.

    (b)  A transfer made by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made if the transfer was made to an insider for an antecedent debt, the debtor was insolvent at that time, and the insider had reasonable cause to believe that the debtor was insolvent.

Tenn. Code Ann. § 66-3-306.

    The deadline for bringing a cause of action under Section 66-3-305(a) is "four (4) years after the transfer was incurred or, if later, within one (1) year after the transfer or obligation was or reasonably could have been discovered by the claimant." Tenn. Code Ann. § 66-3-310(1). If the action is brought under Sections 66-3-305(a)(2), 66-3-306(a), and 66-3-306(b) it must be brought "within four (4) years after the transfer was made or the obligation was incurred." Tenn. Code Ann. §§ 66-3-310(2), 66-3-310(3). Frankenberg's action was brought under Sections 66-3-305(a) and 66-3-306(b) and was within the four years. Under any of these deadlines, the January

13, 2012 filing of the Fraudulent Transfer Case would be within four years of the January 16, 2008 transfer.

As a debtor in possession, RCR has the powers of a trustee to bring an avoidance action under 11 U.S.C. § 544(b). 11 U.S.C. §§ 103 and 1107(a); WILLIAM L. NORTON, JR., WILLIAM L. NORTON III, 4 NORTON BANKRUPTCY LAW AND PRACTICE 3D, § 63:4 (2014) ("Code § 544 gives the 'trustee' the avoidance power, just as other avoidance statutes do; however, under the reorganization Chapters 11 and 12, the debtor-in-possession enjoys certain rights and powers of a trustee, including avoidance powers"). Section 544 allows the trustee to avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502 of this title. 11 U.S.C. § 544(b)(1). To the extent that an actual creditor existing at the time of the bankruptcy filing could have brought a claim to avoid the transfer, the debtor in possession may do so. In the case of *In re Zwirn*, the transferee made an argument similar to the one Wingfield now makes; i.e., that the statute of limitations had expired before the case was filed or the trustee was appointed. 362 B.R. at 541. The court rejected that argument and held that the creditor's action in filing the fraudulent transfer action within the statute of limitations preserved the cause of action for the estate. *Id.* at 542.

Finally, if RCR is not allowed to pursue the fraudulent transfer claim, Frankenberg may now be excluded from doing so. The Sixth Circuit has held that:

> If…a creditor brings a collateral action against third parties…in an attempt to satisfy the bankrupt's obligation by attacking, as fraudulent, a property transfer to these third parties such action is stayed under Code section 362(a). To allow a creditor of the bankrupt to pursue his remedy against third parties on a fraudulent transfer theory would undermine the Bankruptcy Code policy of equitable distribution by allowing the creditor "to push its way to the front of the line of creditors." Such an action is a delayed attempt to obtain property of the estate to the exclusion of all other creditors.

*National Labor Relations Board v. Martin Arsham Sewing Co.*, 873 F.2d 884, 888 (6th Cir. 1989), *modified on other grounds by* 882 F.2d 216 (6th Cir. 1989) (quoting *In re Central Heating & Air Conditioning, Inc.*, 64 B.R. 733, 737 (N.D. Ohio 1986)) (other citation omitted). In fact, the trustee has the exclusive right to bring an action for fraudulent conveyance during the pendency of the bankruptcy proceeding, although that exclusive right does not extinguish the creditor's rights after the debtor receives a discharge. *Hatchett v. United States*, 330 F.3d 875, 886 (6th Cir. 2003); 11 U.S.C. § 544(b).

Given the prospect that RCR is not barred by the four year statute of limitations and may step into Frankenberg's "shoes" to pursue the fraudulent transfer, the court finds that allowing the amendment is not futile. Given RCR's fiduciary obligations to all of its creditors, the court finds that allowing the amendment is in the best interests of justice.

For the foregoing reasons, RCR's motion to amend its answer and to add a cross-claim against Wingfield will be GRANTED. RCR shall have 14 days after entry of this order to file the amendment and cross-claim.

A separate order will enter.

###